**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

JAMES RANDY SCHOONOVER,
SONJA SLUSHER,

      Plaintiffs,

v.                                Civil Action No.  2:24-cv-00744

FAMILY DOLLAR STORES INC.,[1]

      Defendant.

**NOTICE OF REMOVAL**

AND NOW, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant, Family Dollar Stores of West Virginia, LLC (referred to herein as "Family Dollar" or "Defendant"), hereby removes this civil action from the Circuit Court of Clay County, West Virginia, to the United States District Court for the Southern District of West Virginia.

This action is removable based upon diversity of citizenship under the provisions of 28 U.S.C. §§1332 and 1441(b) because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. As further grounds for removal, Family Dollar states as follows:

**I.  NATURE OF REMOVED ACTION**

1.      The removed case is a civil action initially filed on July 16, 2024, in the Circuit Court of Clay County, West Virginia, assigned Civil Action No. 24-C-15, and captioned as *James Randy Schoonover and Sonja Slusher v. Family Dollar Stores Inc*. In accordance with 28 U.S.C.

---

[1] Family Dollar Stores of West Virginia, LLC is improperly named in Plaintiff's Complaint as Family Dollar Stores Inc.

§1446(a), a complete copy of the court file in Civil Action 24-C-15 is attached hereto as **Exhibit A**. No other summonses, processes, pleadings, or orders have been served on Defendant as of this date.

2.      While it is not entirely clear, it appears that the Plaintiffs, in their Complaint, are attempting to advance claims for violations of their civil rights based upon their denial of entry into a Family Dollar store.  Specifically, the Plaintiffs allege that were banned from the Family Dollar Store in Clay County, West Virginia, on or around May 2, 2024.  *See* Compl.  Plaintiff alleges that this banning from the store violated their civil rights.  *See* Compl.

## II.  TIMELINESS OF REMOVAL

3.      On August 1, 2024, the Plaintiffs caused the Complaint and Summons to be served on Family Dollar through the West Virginia Secretary of State as its designated statutory agent for service of process.  *See*, Exhibit 1, *supra*.

4.      However, it appears that the West Virginia Secretary of State's attempt to cause the Summons and Complaint to be delivered to Family Dollar by certified mail failed to be effectuated. Specifically, review of the certified mail tracking of the West Virginia Secretary of State's attempt to provide notice and service upon Family Dollar of the Complaint reveals that delivery of the Complaint was never actually made; instead, the last tracking information of the attempted mailing of the Complaint to Family Dollar shows it at a distribution center in Charlotte, North Carolina, and does not demonstrate that Family Dollar ever actually received the Complaint.  *See* West Virginia Secretary of State USPS Details attached hereto as **Exhibit B**.  *See also*, USPS proof of delivery correspondence attached hereto as **Exhibit C** (which notes that no delivery information can be located for the tracking information associated with the Complaint).

5.      In fact, it was not until Family Dollar received, via regular mail directly to it from the Circuit Court of Clay County, West Virginia, an Order Setting Status Hearing from the Circuit

Court of Clay County, West Virginia, on December 2, 2024, that Family Dollar first learned of the existence of Plaintiffs' Complaint. *See* received Order Setting Status Hearing attached hereto as **Exhibit D**.

6. Accordingly, Family Dollar first received notice of Plaintiffs' Complaint in this matter on or after December 2, 2024. See 28 U.S.C. §1446(b)(1).

7. Pursuant to 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." (emphasis added). The general rule is that the time for counting the days for filing notice of removal starts when the defendant is formally served with the Summons and Complaint making the defendant an official party to the action and requiring the defendant to appear. *Elliot v. American States Ins. Co*., 883 F.3d 384 (4th Cir. 2018). Service on a statutory agent is not service on the defendant that triggers the timeline for filing notice of removal. *Id*. at 391-394.

8. The United States Supreme Court has held that the 30-day window for removal is triggered by "formal service" and "not by mere receipt of the complaint unattended by any formal service." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 348-49 (1999). While federal law provides the timeframe for removal, the procedure for "service of process" is defined by state law. *See Murphy Bros*., 526 U.S. at 352-53. Accordingly, the court looks to West Virginia law to determine whether Defendant was properly served. *See Ratliff v. Workman*, 274 F. Supp. 2d 783, 790-91 (S.D. W. Va. 2003), *abrogated on other grounds by Barbour v. Intern. Union,* 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*) ("time limitation on seeking removal begins to run when the defendant is properly served in the state court action").

9.      West Virginia Code § 31D-15-1510(d) provides for service through the West Virginia Secretary of State; however, service on a statutory agent is not considered to be service on a defendant for purposes of triggering the 30-day removal clock. *See Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002) ("when service is effected on a statutory agent, rather than on an agent appointed by the defendant, the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.").

10.     Here, Family Dollar has not yet been formally and properly served with the Complaint; however, out of an abundance of caution, since it did become aware of the Complaint on December 2, 2024 following receipt of the Order Setting Status Hearing directly from the Circuit Court of Clay County, West Virginia on that date, and thereafter assessing the docket and obtaining a copy of the underlying Complaint, Family Dollar files this Notice of Removal within the 30-day timeframe of when it first learned of the existence of the Complaint.

11.     In light of the foregoing, this Notice of Removal filing, made on December 30, 2024, is timely.

### III.  VENUE

12.     Venue for this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Clay County, West Virginia, is located within the Southern District of West Virginia, Charleston Division.

### IV.  BASIS FOR REMOVAL – DIVERSITY JURISDICTION

13.     This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

14.     An individual is a citizen of the state in which he or she is domiciled. *Johnson v. Advance Am.*, 549 F.3d 932, 937 n. 2 (4th Cir. 2008).  Courts determine a party's domicile on a

case-by-case basis, considering all of the circumstances surrounding an individual's situation.  13E Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §3612 (3d ed. 2014).

15.      While it is not specifically set forth in their Complaint, it appears, given their allegations, that the Plaintiffs reside and are citizens of Clay County, West Virginia.

16.      Moreover, the addresses the Plaintiffs provided in the caption of their Complaint appear to show they reside in Clay County, West Virginia.  *See* Compl.  Specifically, Plaintiff Sonja Slusher has provided a Clay County, West Virginia, address, while Plaintiff James Randy Schoonover has indicated that he has a post office box located in Clay County, West Virginia. *Id*.

17.      In light of the foregoing, it is believed and therefore alleged that the Plaintiffs are domiciliary and citizens of West Virginia for purposes of diversity jurisdiction.

18.      The citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members.  *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004)); *Shonk Land Co. LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 661 (S.D. W. Va. 2001) (Goodwin, J.) (analyzing for diversity jurisdiction purposes the citizenship of a limited liability company based on the citizenship of its members and/or managers).

19.      Where a member of an LLC is a corporation, the citizenship of the corporation must be assessed.  A corporation is a citizen of both the state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. §1332(c); *see also Cent. W. Va. Energy Co.*, 636 F.3d at 103 ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.").  The United States Supreme Court defines principal place of business to mean "the place where the

corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181 (2010).

20.    Family Dollar's sole member is Family Dollar, LLC, which is a North Carolina corporation whose principal place of business is located in Chesapeake, Virginia.  *See* **Exhibit E**, Affidavit of David Thompson.

21.    Therefore, Family Dollar is a citizen of North Carolina and Virginia for purposes of diversity jurisdiction.

22.    Since the Plaintiffs are citizens of West Virginia, and Family Dollar is a citizen of North Carolina and Virginia, complete diversity exists between the parties.

## IX.  AMOUNT IN CONTROVERSY

23.    "[T]he amount in controversy is 'the pecuniary result to either party which [a] judgment would produce.'" *Eary v. Anderson Equip. Co*., No. 2:21-CV-00104, 2021 WL 1392845, at *2 (S.D. W. Va. April 13, 2021) (*quoting Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)). The amount in controversy is "what the plaintiff claims to be entitled to or demands." *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va. 2011); *see Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 449 (7th Cir. 2005) ("The demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties, not whether the plaintiff is likely to win or be awarded everything he seeks."). "If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Trammell v. Sylvanus Group, LLC*, No. 5:19-cv-419, 2020 WL 1169969, at *2 (S.D. W. Va. Mar. 10, 2020).

24.    "The starting point for ascertaining the amount in controversy when the petition for removal was filed is obviously the complaint itself." *Sayre v. Potts*, 32 F. Supp. 2d 881, 887 (S.D. W. Va. 1999), *abrogated on other grounds by Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D. W. Va. 2011). "[A] court may look to the entire record before it and make an independent evaluation

6

as to whether or not the jurisdictional amount is in issue … [t]hus, the court may consider, in addition to plaintiffs' Complaint, the removal petition and other relevant matters in the file." *Mullins v. Harry's Mobile Home, Inc*., 861 F. Supp. 22, 23 (S.D. W. Va. 1994).

25.     It is axiomatic that the amount in controversy requirement for removal is met based on the amount demanded by the plaintiffs within the Complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938). *See also Wiggins v. North American Equitable Life Assurance Company*, 644 F.2d 1014 (4th Cir. 1981).  In *St. Paul*, the Court established that the sum demanded by the plaintiff controls the determination of the amount in controversy if such amount is made in good faith.  *Id*.  Further, the amount in controversy required for a federal court to exercise jurisdiction is not determined by the amount actually awarded to the Plaintiff; the amount considered in determining federal jurisdiction is that which is demanded.  *Id*.

26.     As a practical matter, the burden is "rather light" if the sum claimed by the plaintiff exceeds the jurisdictional amount.   14B Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, §3702 at 44.

27     Here, the Plaintiffs have demanded in their Complaint One Hundred Thousand Dollars ($100,000.00) **each** for the alleged violations of their civil rights.  *See* Compl. (emphasis added).  Effectively then, the Plaintiffs seek damages in a total amount of Two Hundred Thousand Dollars ($200,000.00), which clearly exceeds the required jurisdictional amount required.  Accordingly, the amount in controversy requirement in this matter for diversity jurisdiction exceeds $75,000 and is properly and easily satisfied.

28.     Based on the foregoing, this action may be removed because this Court has original jurisdiction under 28 U.S.C. §1332, based on the complete diversity of the parties and because the amount in controversy is in excess of $75,000.

### IX.  OTHER REMOVAL REQUIREMENTS

29.     In compliance with 28 U.S.C. §1446(d), a Notice of Filing of Notice of Removal is being filed with the Circuit Court of Clay County, West Virginia, and served upon all adverse parties.  A copy of such Notice is attached hereto as **Exhibit F**.

### IX.     NO WAIVER OF DEFENSES

30.     Family Dollar, by removing the above-captioned civil action, does not waive, and hereby reserves, the right to assert any and all applicable defenses under Federal Rule of Civil Procedure 12(b).  *See Corbitt v. Air Prod. & Chemicals, Inc.*, No. 6:07-CV-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (*citing Freeman v. Bee Mach. Co*., 319 W. Va. 448, 451 (1943)) ("A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.").

WHEREFORE, for all of the foregoing reasons, the Defendant properly named – Family Dollar Stores of West Virginia, LLC – hereby removes this action from the Circuit Court of Clay County, West Virginia, to the United States District Court for the Southern District of West Virginia based upon diversity of citizenship.[2]

---

[2] While the basis for the Defendant's Removal at this time is centered on diversity jurisdiction, it is not entirely clear at this juncture, given some of the lack of clarity in the Plaintiff's Complaint, whether a federal question may also be raised therein and, as such, the Defendant preserves its right to at any point in the future pursue removal of the case, if necessary, upon the first revelation that a federal question in the Complaint may also actually exist in this matter, in the event this Court, for some reason, rejects diversity jurisdiction as a present basis for Removal.

Respectfully submitted this 30th day of December 2024.

/s/ Mario R. Bordogna
Mario R. Bordogna (WV Bar No. 9491)
Julie A. Moore (WV Bar No. 11315)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia, 26505
T: 304-285-2528
F: 304-285-2575
Mario.bordogna@bowlesrice.com
jamoore@bowlesrice.com

Lindsay M. Gainer (WV Bar No. 12046)
Bowles Rice LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia, 25325
T: 304-347-1128
lgainer@bowlesrice.com


*Counsel for Defendant Family Dollar Stores of West Virginia, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

JAMES RANDY SCHOONOVER,
SONJA SLUSHER,

      Plaintiffs,

v.                                 Civil Action No.  2:24-cv-00744

FAMILY DOLLAR STORES INC.,[3]

      Defendant.

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on the 30th day of December 2024, I electronically filed the foregoing

"***Notice of Removal***" with the Clerk of the Court using the CM/ECF system. In addition, I have

mailed complete copies of these filings to Plaintiffs, who appear *pro se*, via First Class U.S. Mail,

as follows:

James Randy Schoonover
Post Office Box 62
Clay, West Virginia 25043

Sonja Slusher
678 Dundon Road
Clay, West Virginia 25043

*Plaintiffs Pro Se*

<u>*/s/ Mario R. Bordogna*</u>
Mario R. Bordogna (WV Bar No. 9491)

---

[3] Family Dollar Stores of West Virginia, LLC is improperly named in Plaintiff's Complaint as Family Dollar Stores Inc.